UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONS & PLASTERERS WELFARE FUND, LOCAL 56, DUPAGE COUNTY, ILLINOIS, | )<br>)<br>)<br>) |
| and | )<br>) |
| MASONS & PLASTERERS PENSION FUND, LOCAL 56, DUPAGE COUNTY, ILLINOIS, | )<br>)<br>) |
| and | )<br>) |
| RICHARD RASMUSSEN, RICHARD LAUBER, RICHARD PORTER, DAVID SABO, TIMOTHY AIKENS, and MICHAEL HOOPER, as Trustees of the Masons & Plasterers Welfare Fund, Local 56, DuPage County, Illinois, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| MICHAEL ALORE, TIMOTHY AIKENS, LARS ESPELAND, STEVEN NELMS, RICHARD LAUBER, RICHARD PORTER, and DAVID SABO, as Trustees of the Masons & Plasterers Pension Fund, Local 56, DuPage County, Illinois, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| DJM CONSTRUCTION & REMODELING, INC., an Illinois Corporation, | )<br>)<br>) |
| Defendant. | ) |

Case No.  08 CV 2873

Judge Kendall

**<u>Motion for Leave to Amend Complaint</u>**

Plaintiffs, MASONS & PLASTERERS WELFARE FUND, LOCAL 56, DUPAGE

COUNTY, ILLINOIS; MASONS & PLASTERERS PENSION FUND, LOCAL 56, DUPAGE

COUNTY, ILLINOIS; RICHARD RASMUSSEN, RICHARD LAUBER, RICHARD PORTER,

480993v1

DAVID SABO, TIMOTHY AIKENS, and MICHAEL HOOPER, as Trustees of the Masons & Plasterers Welfare Fund, Local 56, DuPage County, Illinois; and MICHAEL ALORE, TIMOTHY AIKENS, LARS ESPELAND, STEVEN NELMS, RICHARD LAUBER, RICHARD PORTER, and DAVID SABO, as Trustees of the Masons & Plasterers Pension Fund, Local 56, DuPage County, Illinois; by and through their attorneys, Pedersen & Houpt, respectfully move this Court for leave to amend the Complaint filed in this Action, and in support thereof, state as follows:

1. On May 16, 2008, the Plaintiffs commenced this ERISA action by filing their Complaint against DJM Construction & Remodeling, Inc.

2. The Complaint alleges that the Defendant failed to make payments to pension and welfare funds administered by the Plaintiffs.

3. In fact, the proper defendant in this matter, the party whose actions form the basis of the Complaint, is D.J.M. Construction, Inc., *not* DJM Construction & Remodeling, Inc.

4. The similarity in the two companies' names led to the Plaintiffs' incorrectly naming DJM Construction & Remodeling, Inc. as the defendant.

5. In fact, DJM Construction & Remodeling, Inc. and the Plaintiffs have no relationship whatsoever.

6. Plaintiffs' counsel has been contacted by DJM Construction & Remodeling, Inc., and has confirmed that DJM Construction & Remodeling, Inc. was named in error.

7. The Plaintiffs therefore seek to amend their complaint to name the proper defendant and to terminate DJM Construction & Remodeling, Inc. from this case. A copy of the proposed amended complaint has been uploaded to the CM/ECF system as Exhibit A to this motion.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order:

A.  Granting the Plaintiffs leave to file the amended complaint naming the proper defendant;

B.  Terminating DJM Construction & Remodeling, Inc. as a party to this case; and

C.  Granting such other and further relief as the Court determines is just and proper.

Respectfully submitted,
PLAINTIFFS,


By: _____/s/ Joshua M. Bernstein_____
     One of their attorneys

Arthur M. Holtzman
Paul Altman
Joshua M. Bernstein
PEDERSEN & HOUPT, P.C.
161 N. Clark St., Suite 3100
Chicago, IL  60601-3224
(312) 641-6888

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONS & PLASTERERS WELFARE FUND, LOCAL 56, DUPAGE COUNTY, ILLINOIS, <br><br> and <br><br> MASONS & PLASTERERS PENSION FUND, LOCAL 56, DUPAGE COUNTY, ILLINOIS, <br><br> and <br><br> RICHARD RASMUSSEN, RICHARD LAUBER, RICHARD PORTER, DAVID SABO, TIMOTHY AIKENS, and MICHAEL HOOPER, as Trustees of the Masons & Plasterers Welfare Fund, Local 56, DuPage County, Illinois, <br><br> and <br><br> MICHAEL ALORE, TIMOTHY AIKENS, LARS ESPELAND, STEVEN NELMS, RICHARD LAUBER, RICHARD PORTER, and DAVID SABO, as Trustees of the Masons & Plasterers Pension Fund, Local 56, DuPage County, Illinois, <br><br> Plaintiffs, <br><br> v. <br><br> D.J.M. CONSTRUCTION, Inc., an Illinois Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. |

**COMPLAINT UNDER 29 U.S.C. §1132(a) AND 29 U.S.C. §1145**

Plaintiffs, MASONS & PLASTERERS WELFARE FUND, LOCAL 56, DUPAGE

COUNTY, ILLINOIS (the "Welfare Fund"); MASONS & PLASTERERS PENSION FUND,

LOCAL 56, DUPAGE COUNTY, ILLINOIS (the "Pension Fund"); RICHARD RASMUSSEN,

479853v2

RICHARD LAUBER, RICHARD PORTER, DAVID SABO, TIMOTHY AIKENS, and MICHAEL HOOPER, as Trustees of the Masons & Plasterers Welfare Fund, Local 56, DuPage County, Illinois (the "Welfare Fund Trustees"); and MICHAEL ALORE, TIMOTHY AIKENS, LARS ESPELAND, STEVEN NELMS, RICHARD LAUBER, RICHARD PORTER, and DAVID SABO, as Trustees of the Masons & Plasterers Pension Fund, Local 56, DuPage County, Illinois (the "Pension Fund Trustees"); by and through their attorneys, Pedersen & Houpt, hereby complain of Defendant D.J.M. Construction, Inc., as follows:

## Parties

1. The Welfare Fund is a trust established pursuant to a certain Agreement and Declaration of Trust ("Trust Agreement") entered into by and between the Bricklayers, Masons and Plasterers' International Union Local No. 56 of DuPage County, Illinois (hereinafter referred to as "Local Union No. 56"), the Masons Contractors' Association of DuPage County, and the individual trustees. The Trust Agreement is dated October 1, 2001, as amended thereafter from time to time. The trust is managed from an office located in Carol Stream, DuPage County, Illinois.

2. The Pension Fund is a trust established pursuant to the Trust Agreement and Declaration of Trust entered into by and between Local Union No. 56, the Mason Contractors' Association of DuPage County, and the individual trustees. The Trust Agreement is dated July 1, 1976 as amended thereafter from time to time. The trust is managed from an office located in Carol Stream, DuPage County, Illinois.

3. The Welfare Fund Trustees, Richard Rasmussen, Richard Lauber, Richard Porter, David Sabo, Timothy Aikens, Doug Johnston, and Michael Hooper, and their successors are the trustees of the Welfare Fund, and as such are fiduciaries of the Welfare Fund within the meaning

Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002 (21)(A). As trustees, the Welfare Fund Trustees are authorized by the express terms of the Trust Agreement to bring this lawsuit.

4. The Pension Fund Trustees and their successors are the trustees of the Pension Fund, and as such are fiduciaries of the Pension Fund within the meaning Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002 (21)(A). As trustees, the Pension Fund Trustees are authorized by the express terms of the Trust Agreement to bring this lawsuit.

5. D.J.M. Construction, Inc. ("DJM") is an Illinois corporation which, on information and belief, is located at, and doing business from, 13162 West 159th Street, Homer Glen, Illinois, and is an employer and party in interest in an industry affecting commerce, as defined within 29 U.S.C. §1002 (5), (11), (12) and (14) and the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §151, *et seq*.

**Jurisdiction and Venue**

6. Plaintiffs' claims arise under and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and 29 U.S.C. §1145, respectively.

7. This Court has jurisdiction over this action pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e), and venue lies in this District because this is the District in which the Defendant breached its obligations under the Agreement.

**Claim under 29 U.S.C. §1132(a) and 29 U.S.C. §1145**

8. Local Union No. 56 is a labor organization which represents employees in an industry affecting commerce as the same is defined in the Labor Management Relations Act of

1947 as amended.

9. The Welfare Fund is an employee benefit plan within the meaning of 29 U.S.C. §§1002(1), (3), (21) and §1132. The Welfare Fund also is a trust created and existing in accordance with the provisions of 29 U.S.C. §186(c) and is commonly referred to as a jointly administered multi-employer welfare fund.

10. The Welfare Fund was established for the purpose of providing health and welfare benefits for employees (and their dependents) of employers that entered into a Collective Bargaining Agreement with Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen, which includes Local Union No. 56. A copy of the Collective Bargaining Agreement is attached hereto as Exhibit A, and incorporated by reference herein.

11. The Pension Fund is an employee benefit plan within the meaning of 29 U.S.C. §§1002(1), (2)(A), (3) and §1132. The Pension Fund also is a trust created and existing in accordance with the provisions of 29 U.S.C. §186(c) and is commonly referred to as a jointly administered multi-employer pension fund.

12. The Pension Fund was established for the purpose of providing pension benefits for employees (and their dependents) of employers that entered into a Collective Bargaining Agreement with Local Union No. 56.

13. DJM entered into a Memorandum of Understanding with Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen, of which Local Union No. 56 is a part, whereby the Defendant agreed to abide by the terms of the Collective Bargaining Agreement and amendments thereto and make the contributions to the Funds specified therein. A copy of the Memorandum of Understanding is attached hereto as Exhibit B, and incorporated by reference herein.

14. Pursuant to the most recent Collective Bargaining Agreement, the Defendant was obligated to make timely payments to the Welfare Fund, the Pension Fund, and various other funds, in the amount specified for each employee covered by the Collective Bargaining Agreement. *See* Ex. A., §§7.4, 7.5, 8.2.

15. DJM is bound by the terms of the Collective Bargaining Agreement and is obligated to the Plaintiffs in accordance therewith.

16. Despite demands that DJM perform its contractual obligations with respect to making contributions to the Welfare Fund, the Pension Fund, and other payments required pursuant to Collective Bargaining Agreement, DJM has failed, neglected, omitted, and refused to file annual reports and to make contributions to the Welfare Fund.

17. DJM has employed a varying number of individuals covered by the Collective Bargaining Agreement.

18. From the employment by DJM of the individuals covered by the Collective Bargaining Agreement there is owed to Plaintiffs contributions to the Welfare Fund, Pension Fund and other required payments for July, 2004 to October, 2007 in the amount of $9,671.58.

19. This amount was determined by an audit conducted by the Plaintiffs' auditors, Levinson, Simon & Sprung, P.C. A copy of the audit is attached hereto as Exhibit C, and incorporated by reference herein.

20. DJM continues to refuse to comply with the Collective Bargaining Agreement, Trust Agreement and the Memorandum of Understanding by failing, neglecting, omitting, and refusing to make the contributions identified by Simon & Sprung, P.C. as due and owing.

21. Section 515 of ERISA requires employers who are obligated to make contributions pursuant to a collective bargaining agreement to do so in accordance with the

agreement.  29 U.S.C. §1145.

22. Section 502(a)(3) of ERISA expressly authorizes this court to redress violations of ERISA or the terms of the Plan, and to enforce any provision of ERISA, including the entry of equitable relief.  29 U.S.C. §1132 (a)(3).

23. DJM's failure to make contributions to the Welfare and Pension Funds as set forth in the Collective Bargaining Agreement constitutes a violation of ERISA section 515, 29 U.S.C. §1145.

24. DJM's failure to make contributions irreparably harms the Welfare Fund and Pension Fund because the Welfare and Pension Funds must provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid.

25. Moreover, the Welfare and Pension Funds are irreparably harmed because they have lost the benefit of income they could have earned if the past due amounts had been received and invested on time.

26. Further, the Pension and Welfare Funds have incurred additional administrative costs in detecting and collecting the Defendant's delinquencies.

27. The Defendant's failure to cooperate and to make promised payments to the Welfare and Pension Funds causes substantial harm to the Welfare and Pension Funds.

28. Conversely, the entry of an injunction or other equitable relief will not harm DJM because it is only being required to do what it is contractually and legally obligated to do.

29. The public has a strong interest in the stability and financial integrity of fringe benefit funds and pension funds.  29 U.S.C. §1001 (a).  Because the financial stability of fringe benefit funds such as the Welfare Fund and pension funds such as the Pension Fund is a public

concern, the entry of an injunction is in the public interest.

30. DJM owes the Welfare and Pension Funds $967.16 for liquidated damages pursuant to 29 U.S.C. §1132 (g) (2) (C) (ii), and Section 8.16(B) of the Collective Bargaining Agreement.

31. Pursuant to Section 8.16(F) of the Collective Bargaining Agreement, DJM also owes the Welfare and Pension Funds audit fees in the amount of $903.84.

32. Pursuant to 29 U.S.C. §1132 (g) (2) (C) (ii), and Section 8.16(B) of the Collective Bargaining Agreement, the rate of interest determined by the Trustees of the Welfare and Pension Funds is 1.5% per month. For the unpaid contributions set forth in paragraph 19 of this Complaint, DJM owes interest in the amount of $3926.00 as of May 16, 2008.

33. Pursuant to 29 U.S.C. §1132 (g) (2) (D), DJM also owes the Welfare and Pension Funds reasonable attorneys fees and costs they have incurred in bringing this action.

WHEREFORE, the Plaintiffs respectfully request that this Court enter a judgment in their favor and against Defendant D.J.M. Construction, Inc.:

A. Compelling the Defendant to pay to the Plaintiffs the $9,671.58 in unpaid contributions;

B. Compelling the Defendant to pay $967.16 in liquidated damages;

C. Compelling the Defendant to pay interest at the rate of 1.5% per month on delinquent contributions to the Welfare and Pension Funds;

D. Compelling the Defendant to pay $903.84 in audit fees;

E. Ordering the Defendant to pay the Plaintiffs' reasonable attorneys' fees and costs of suit;

F. Grant an injunction ordering Defendant to submit monthly contributions and reports owed to the Welfare and Pension Funds on a timely basis;

G. Granting to these Plaintiffs such other and further relief as the Court determines is just and proper.

                              Respectfully submitted,
                              PLAINTIFFS,

                        By:        /s/ Joshua M. Bernstein
                                        One of their attorneys

Arthur M. Holtzman
Paul Altman
Joshua M. Bernstein
PEDERSEN & HOUPT, P.C.
161 N. Clark St., Suite 3100
Chicago, IL  60601-3224
(312) 641-6888